IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF
AMERICA,

    Plaintiff,

v.                                           Case No. 1:13-cv-01126-JDB-egb

WILLIAM THOMAS
WILLIAMS, and JAQUELINE
CLIMER,

    Defendants.

**REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT**

This Motion for Default Judgment has been referred to the Magistrate Judge for report and recommendation, and if necessary, to hold a hearing as to damages and other relief sought by the Plaintiff United States [D.E. 14]. The Clerk's Entry of Default as to these Defendants occurred on August 5, 2013 [D.E. 9]. Neither Defendant has responded to the entry of the default, nor to this Motion For Default Judgment [D.E. 13]. Neither Defendant is in the military, an infant or incompetent [D.E. 13-4].

ANALYSIS

If a defendant fails to plead or defend as required by the Rules, the clerk or judge may enter default upon a plaintiff's request. Rule 55(a); *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986) (When a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.). Then, if no hearing is needed to ascertain damages, judgment by default may be entered. Rule 55(b); *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983) (*citing Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981).

When a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688. Therefore, after receiving a default, a plaintiff must still establish the extent of damages to which he is entitled. *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich.1983). However, if the damages sought by the plaintiff are a sum certain or a sum that can be made certain by computation, judgment will generally be entered for that amount without an evidentiary hearing. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688.

On October 31, 2013, the United States moved for Default Judgment against Defendants in the amount of $241,410.14 as of November 11, 2013 [D.E.13-5]. This amount is more specifically ascribed to various tax periods and includes all interest and penalties due as of November 11, 2013. The interest and penalties will continue to accrue according to law.

The government also seeks a ruling that a July 8, 2003, transfer of real property by Defendant Williams via quit claim deed to his mother Jacqueline Climer was fraudulent as to the United States, and void as a matter of law, thus vesting ownership of the real property in William Thomas Williams and declaring that Jacqueline Climer does not have an interest in the real property, entering a default judgment against her, ruling that William Thomas Williams has the interest in the real property and that the federal tax liens attached to the real property at issue, and foreclosing the federal tax liens and directing the real property to be sold. The United States also moves the Court for an order foreclosing the federal tax liens and an order permitting the sale of certain real property.

According to the United States, Defendant William Thomas Williams has an interest in certain real property which was acquired by William Thomas Williams and his wife Sheila

Williams (she is now deceased). The address of this property is 227 Tulip Street, Henderson, Tennessee and is more particularly described as:

> *Being lot twenty-two (22) of the Wamble Subdivision, a plat of which is filed and recorded in the Register's Office of Chester County, Tennessee, in Deed Book 55, pages 423-424, to which reference is made for the dimensions thereof and for building restrictions imposed thereby, to which the improvements of this lot conform. This being the identical real estate conveyed to William T. Williams and wife Sheila Williams by Quitclaim Deed dated July 8, 2003, of record in the Register's Office of Chester County, Tennessee, in Record Book 236, page 288.*

Federal tax liens arose pursuant to 26 U.S.C. §§6321 and 6322 on the dates of the assessments described above and attached to the real property owned by William Thomas Williams. On or about July 8, 2003, Mr. and Mrs. Williams conveyed title to the real property to Ms. Climer by quit claim deed. An attestation attached to the deed by Mr. Williams stated that there was no consideration paid for the transfer of the property. In this complaint by the United States, it is alleged that this conveyance of the real estate was fraudulent as to the United States and should be set aside because it was designed to hinder, delay or defeat the ability of the United States to collect Mr. Williams' tax liabilities and/or was done at a time when Mr. Williams was insolvent or was rendered insolvent by the conveyance and was in exchange for insufficient consideration, such that when set aside, title to this real property would re-vest solely in Mr. Williams, with the result that the entire real property would be subject to the federal tax liens.

Additionally, the federal tax liens would still attach even if the conveyance were not set aside as fraudulent. As the United States asserts, Ms. Climer acquired the real property as a nominee of Mr. Williams in an effort to prevent the United States from collecting his tax liability. Mr. Williams has continued to retain the benefits and burdens of ownership of the real property, i.e. continuing to reside there, maintaining the utility accounts in his name and continuing to make

mortgage payments. By his failure to answer this lawsuit, Mr. Williams and Ms. Climer are deemed to have admitted these allegations.

It is the Report and Recommendation that the United States is entitled to a default judgment against Defendant William Thomas Williams in the amount of $241,410.14 as of November 11, 2013. Additionally, the United States is entitled to further relief to include voiding the fraudulent conveyance of the real property located at 227 Tulip Street, Henderson, Tennessee, more particularly described in Paragraph 6 of the Complaint of the United States, that the valid federal tax liens against William Thomas Williams have attached to the Real Property, that the tax liens attached to this Real Property are hereby foreclosed and that said Real Property shall be sold free and clear of any right, title, lien, claim, or interest of all parties, with the proceed of the sale of the Real Property be distributed to the United States and applied against Defendant William Thomas Williams' outstanding federal tax liabilities, with any excess funds to be paid to William Thomas Williams, and that by virtue of the fact that the 2003 transfer of Real Property was fraudulent as to the United States, Ms. Climer has no interest in the Real Property. It is the further Report and Recommendation that the U.S. District Court approve the proposed orders of the United States [D.E.13-5 and 13.6].

Respectfully submitted this 26th day of February, 2014,

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**