IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                      No. 13-1126

WILLIAM THOMAS WILLIAMS, *et al.*,

    Defendants.

___

ORDER OVERRULING OBJECTION OF DEFENDANT WILLIAMS AND
ADOPTING THE REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

___

This cause is before the Court in connection with the report and recommendation of the magistrate judge (D.E. 15) regarding the motion of the Plaintiff, United States of America, for a default judgment against the Defendants, William Thomas Williams and Jacqueline Climer (D.E. 13). The magistrate judge recommended that the motion be granted. Specifically, the magistrate judge recommended default judgment against Williams in the amount of $241,410.14 as of November 11, 2013; voiding of the fraudulent conveyance of real property located at 227 Tulip Street in Henderson, Tennessee, more particularly described in paragraph six of the Plaintiff's complaint; as well as a finding that the valid federal tax liens against Williams have attached to the real property, the tax liens attached to the real property are foreclosed, and the property should be sold free and clear of any right, title, lien, claim or interest of all parties, with the proceeds of the sale to be distributed to the United States and applied against Williams' outstanding federal tax liability, with any excess funds to be paid to him. The magistrate judge further reported and recommended that, by virtue of the fact that a 2003 transfer of the real property at issue was

fraudulent as to the United States, Climer has no interest therein.

Although the docket reflects service of the complaint in June 2013, neither Defendant has filed an answer or otherwise appeared in this case. Nor have they responded to the motions for entry of default or for default judgment. While no objections to the report and recommendation were filed with the Court, the Plaintiff received correspondence directly from Williams on or about March 14, 2014, which it in turn filed with the Court.

"It is well-established that a party must file objections to a magistrate judge's report and recommendation in order to preserve the issues for appeal." *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (per curiam). Failure to do so may result in waiver of any objections. *Id.* Williams' submission will be construed as an objection to the report and recommendation. In ruling on objections to a report and recommendation, the Court is to make a *de novo* determination as to those portions of the magistrate judge's report and recommendation to which objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Under this type of review, the district judge may accept, reject, or modify the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Only specific objections, rather than those of a general nature, will be considered by the district court. *Etherly v. Rehabitat Sys. of Mich.*, No. 13-11360, 2014 WL 2559192, at *1 (E.D. Mich. June 6, 2014). A general objection is insufficient because, in objecting to the whole of the report and recommendation, it has the same effect as a failure to object. *Steagall v. Comm' of Soc. Sec.*, No. 1:12-CV-876, 2014 WL 1302606, at *1 (S.D. Ohio Mar. 31, 2014). "Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue." *Austin v. Comm'r of Soc.*

*Sec.*, No. 1:12-CV-728, 2014 WL 897139, at *1 (S.D. Ohio Mar. 6, 2014). Merely stating a disagreement with a magistrate judge's suggested resolution is not a specific objection that alerts the district court to an alleged error by the magistrate judge. *Id.*

The only remotely specific objection contained in Williams' missive is his contention that the transfer of the property at issue was not in fact made to defraud the United States. "Once the [c]lerk has entered a default against a defendant, the [c]ourt must treat all well-pleaded allegations in the [c]omplaint as true." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013). Thus, as default has been entered in this matter, the United States has conclusively established the Defendants' liability. *See id.* The Court, nonetheless, has discretion in determining whether default judgment should be entered. *King v. Ocwen*, No. 07-11359, 2008 WL 111260, at *3 (E. D. Mich. Jan. 8, 2008). In this case, the Court finds that an exercise of its discretion is unwarranted, as Williams has offered no evidence, beyond his conclusory assertion, to support a finding by this Court that the magistrate judge's conclusion with respect to the alleged fraudulent transfer should be rejected or modified. *See Tillman v. Mausser*, No. 2:09-cv-904, 2011 WL 2181622, at *1 (S.D. Ohio June 2, 2011) (objection to magistrate judge's report and recommendation overruled where plaintiff offered only conclusory objections lacking evidentiary support).

Accordingly, the objection of Williams to the magistrate judge's report and recommendation is OVERRULED and the report and recommendation is ADOPTED. The relief sought by the United States will be granted by separate orders. The Clerk of Court is DIRECTED to mail a copy of this order, as well as those to be entered hereafter, to the Defendants at the following addresses: William Thomas Williams, 227 Tulip Street, Henderson, Tennessee 38340 and Jacqueline Climer, 720 Garland Road, Henderson, Tennessee 38340.

IT IS SO ORDERED this 24th day of June 2014.

                                      s/ J. DANIEL BREEN
                                      CHIEF UNITED STATES DISTRICT JUDGE